SEALED

**FILED**
February 7, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: MR
Deputy

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Case No: SA:24-CR-00054-JKP**

**UNITED STATES OF AMERICA**

**Plaintiff**

**v.**

**RIGOBERTO RAMON MIRANDA-OROZCO**
**aka MIRANDA OROZCO RAMON**
**aka DON RIGOBERTO**
**aka DON RIGO**
**aka DON RIGITO**
**aka DON ROBERTO**

**Defendant**

**INDICTMENT**

**COUNT 1:** 8 U.S.C. §§ 1324 (a)(1)(A)(i), (a)(1)(B)(iv), and (a)(1)(A)(v)(I): Conspiracy to Bring an Alien to the United States Resulting in Death

**COUNT 2:** 8 U.S.C. §§ 1324 (a)(1)(A)(i), (a)(1)(B)(iv), and (a)(1)(A)(v)(II): Aiding and Abetting Bringing an Alien to the United States Resulting in Death

**COUNT 3:** 8 U.S.C. §§1324 (a)(1)(A)(i), (a)(1)(B)(iv), and (a)(1)(A)(v)(II): Aiding and Abetting Bringing an Alien to the United States Resulting in Death

**COUNT 4:** 8 U.S.C.§§ 1324 (a)(1)(A)(i), (a)(1)(B)(iv), and (a)(1)(A)(v)(II): Aiding and Abetting Bringing an Alien to the United States Resulting in Death

**COUNT 5:** 8 U.S.C. §§ 1324 (a)(1)(A)(i), (a)(1)(B)(iii), and (a)(1)(A)(v)(I): Conspiracy to Bring an Alien to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy

**COUNT 6:** 8 U.S.C. §§ 1324 (a)(1)(A)(i), (a)(1)(B)(iii), and (a)(1)(A)(v)(II): Aiding and Abetting Bringing an Alien to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy

**THE GRAND JURY CHARGES:**

## Introduction

1. Beginning on or about May 1, 2022, and continuing to on or about December 1, 2022, the defendant, **RIGOBERTO RAMON MIRANDA-OROZCO** and others, (collectively "smugglers"), participated in a human smuggling organization which illegally brought adults and children from Guatemala, Honduras, and Mexico (collectively "aliens") into the United States. The aliens were not United States citizens and did not have prior official authorization from the United States government to come to, enter, and reside in the United States.

2. Each alien, or their families and friends, paid money, generally the equivalent of $12,000-$15,000, to individuals in Guatemala, Honduras, Mexico, the United States, and elsewhere, to be transported illegally to the United States. This fee normally included at least three "attempts"—that is, if the alien was caught by United States law enforcement and deported, the organization would smuggle them into the United States again for no additional fee.

3. The smugglers worked in concert with each other to transport, and facilitate the transportation of, the aliens, utilizing each other's routes, guides, stash houses, trucks, trailers, and transporters. This association enabled the smugglers to consolidate costs, spread risk, and operate more profitably.

4. To ensure proper accounting, each alien was given a code word, or "clave," to provide at various points along their journey. These code words established that the alien was the responsibility of a smuggler who had arranged access for that portion of the journey, be it a stay at a stash house, a ride in a vehicle, or the assistance of a guide.

5. Once in the United States, the aliens were to be transported to various destinations within the United States, including San Antonio and other areas within the Western District of Texas and beyond.

6. The smugglers operating in the United States worked in concert with the smugglers operating in Guatemala, Honduras, and Mexico.

7. The organization maintained a variety of tractors and trailers which it used to transport aliens from near the United States border to San Antonio. Some of these tractors and trailers were stored at a private parking lot in San Antonio.

8. Members of the organization recruited and coordinated drivers for various loads of aliens. Members also worked to consolidate groups of aliens from various stash houses along the border into larger groups that could be transported in single tractor-trailer loads from Laredo to San Antonio.

9. In the weeks leading up to June 27, 2022, **MIRANDA-OROZCO** worked to secure paying clients for his next smuggling venture to the United States. Once finalized, **MIRANDA-OROZCO** then worked with a network of co-conspirators to transport and harbor these aliens from Guatemala to Nuevo Laredo, Tamaulipas, Mexico. They were then smuggled into the United States in the days leading up to June 27, 2022.

10. On or around June 27, 2022, the organization loaded these aliens into the back of a fifty-three-foot trailer. In total, at least 66 aliens were loaded into the trailer, including eight children and one pregnant woman.

11. The organization demanded that the aliens give up their cell phones prior to entering the trailer. An unknown powder was dispensed in the back of the trailer to mask the smell of the human cargo from detection K-9s at U.S. Border Patrol Checkpoints.

12. Once the trailer was loaded with the aliens, it was driven north along IH-35 to San Antonio.

13. The trailer's air-conditioning unit was not working properly and did not blow any cool air to the aliens inside.

14. As the temperature inside the trailer rose, chaos ensued. Some aliens screamed and banged on the walls for help. Some passed out, unconscious. Others clawed at the sides of the trailer attempting to escape.

15. Ultimately, 53 aliens died as a result of the journey—21 were Guatemalan nationals.

## COUNT ONE
## [8 U.S.C. §§ 1324(a)(1)(A)(i), 1324 (a)(1)(B)(iv), & 1324(a)(1)(A)(v)(I)]

16. Paragraphs 1 through 15 of this Indictment are realleged and incorporated as though fully set forth herein.

17. Beginning on or about May 1, 2022, and continuing to on or about December 1, 2022, in the Western District of Texas and elsewhere, the Defendant,

**RIGOBERTO RAMON MIRANDA-OROZCO**

did knowingly and intentionally combine, conspire, confederate and agree with others, knowing that a person was an alien, to bring and attempt to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien had received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken in respect to such alien, resulting in multiple deaths, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324(a)(1)(A)(v)(I).

**COUNT TWO**
**[8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324 (a)(1)(A)(v)(II)]**

18. Paragraphs 1 through 15 of this Indictment are realleged and incorporated as though fully set forth herein.

19. On or about June 27, 2022, in the Western District of Texas and elsewhere, the Defendant,

**RIGOBERTO RAMON MIRANDA-OROZCO**

and others, aided and abetted by each other, did knowingly bring, and attempt to bring, in any manner whatsoever, a person, F.M.R.S., to the United States at a place other than a designated port of entry or place other than as designated by the Commissioner, knowing that said person was an alien, regardless of whether such alien had received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken in respect to such alien, resulting in the death of this person, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324 (a)(1)(A)(v)(II).

**COUNT THREE**
**[8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324 (a)(1)(A)(v)(II)]**

20. Paragraphs 1 through 15 of this Indictment are realleged and incorporated as though fully set forth herein.

21. On or about June 27, 2022, in the Western District of Texas and elsewhere, the Defendant,

**RIGOBERTO RAMON MIRANDA-OROZCO**

and others, aided and abetted by each other, did knowingly bring, and attempt to bring, in any manner whatsoever, a person, D.A.G.D., to the United States at a place other than a designated port of entry or place other than as designated by the Commissioner, knowing that said person was an alien, regardless of whether such alien had received prior official authorization to come to,

enter, and reside in the United States and regardless of any future official action which may be taken in respect to such alien, resulting in the death of this person, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324 (a)(1)(A)(v)(II).

**COUNT FOUR**
**[8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324 (a)(1)(A)(v)(II)]**

22. Paragraphs 1 through 15 of this Indictment are realleged and incorporated as though fully set forth herein.

23. On or about June 27, 2022, in the Western District of Texas and elsewhere, the Defendant,

**RIGOBERTO RAMON MIRANDA-OROZCO**

and others, aided and abetted by each other, did knowingly bring, and attempt to bring, in any manner whatsoever, a person, W.D.A.L., to the United States at a place other than a designated port of entry or place other than as designated by the Commissioner, knowing that said person was an alien, regardless of whether such alien had received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken in respect to such alien, resulting in the death of this person, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(B)(iv), and 1324 (a)(1)(A)(v)(II).

**COUNT FIVE**
**[8 U.S.C. §§ 1324(a)(1)(A)(i), 1324 (a)(1)(B)(iii) and 1324 (a)(1)(A)(v)(I)]**

24. Paragraphs 1 through 15 of this Indictment are realleged and incorporated as though fully set forth herein.

25. Beginning on or about May 1, 2022, and continuing to on or about December 1, 2022, in the Western District of Texas and elsewhere, the Defendant,

**RIGOBERTO RAMON MIRANDA-OROZCO**

did knowingly and intentionally combine, conspire, confederate and agree with others, knowing that a person was an alien, to bring and attempt to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien had received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken in respect to such alien, causing serious bodily injury and placing in jeopardy the life of such alien, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(B)(iii), and 1324(a)(1)(A)(v)(I).

## COUNT SIX
**[8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(B)(iii), and 1324 (a)(1)(A)(v)(II)]**

26. Paragraphs 1 through 15 of this Indictment are realleged and incorporated as though fully set forth herein.

27. On or about June 27, 2022, in the Western District of Texas and elsewhere, the Defendant,

**RIGOBERTO RAMON MIRANDA-OROZCO**

and others, aided and abetted by each other, did knowingly bring, and attempt to bring, in any manner whatsoever, a person, F.A.H.M., to the United States at a place other than a designated port of entry or place other than as designated by the Commissioner, knowing that said person was an alien, regardless of whether such alien had received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken in respect to such alien, and the offense caused serious bodily injury to and placed in jeopardy the life of such alien, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i), 1324(a)(1)(B)(iii), and 1324 (a)(1)(A)(v)(II).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[*See* FED. R. CRIM. P. 32.2]**

**I.**
**Immigration Violations and Forfeiture Statute**
**[Title 8 U.S.C. § 1324(a)(1)(A)(i), (a)(1)(B)(iii)/(iv), & (a)(1)(A)(v)(I)/(II), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)(A).]**

As a result of the foregoing criminal violations set forth in Counts One to Six, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 982(a)(6)(A) which states the following:

**Title 18 U.S.C. § 982 Criminal forfeiture**
**(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act . . . shall order that the person forfeit to the United States, regardless of any provision of State law—
**(i)** any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
**(ii)** any property real or personal—
**(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
**(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

This Notice of Demand for Forfeiture includes but is not limited to the following.

**II.**
**Money Judgment**

**Money Judgment:** A sum of money equal to **$60,000.00** that represents the proceeds from the violations set forth in Counts One to Six for which the Defendant is liable.

**III.**
**Substitute Property**

If any proceeds from violations set forth in Counts One to Six, as a result of any act or omission of the Defendant—

**(A)** cannot be located upon the exercise of due diligence;
**(B)** has been transferred or sold to, or deposited with, a third party;

**(C)** has been placed beyond the jurisdiction of the court;
**(D)** has been substantially diminished in value; or
**(E)** has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of the Defendant, up to the value of the money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and FED. R. CRIM. P. 32.2(e).

A TRUE BILL

[redacted]

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
United States Attorney

By: ______________________
JOSE LUIS ACOSTA
Assistant United States Attorney

______________________
ERIC FUCHS
Assistant United States Attorney

NICOLE M. ARGENTIERI
Acting Assistant Attorney General

By: ______________________
ALEXANDRA SKINNION
Trial Attorney
U.S. Department of Justice
Human Rights and Special Prosecutions Section